UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW JAMES ALLEN,
    *Plaintiff*,

v.

KHALED MOHAMED, AARTI GUPTA,
YALE NEW HAVEN HOSPITAL, and NEW
HAVEN COUNTY,
    *Defendants*.

No. 3:22-cv-324 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Matthew Allen has filed this *pro se* and *in forma pauperis* action against a county, a private hospital, and two doctors involved in his involuntary psychiatric treatment. Because it appears that the complaint fails to state a claim on which relief can be granted in federal court, the Court shall require Allen to file an amended complaint or a response by **June 24, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

The following facts are drawn from Allen's complaint and assumed to be true solely for the purpose of this order.

Between April 2019 and October 2019, Allen underwent three involuntary hospitalizations at the psychiatric ward of Yale New Haven Hospital.[1] Allen alleges that each hospitalization involved reckless and wanton misconduct and negligence on the part of the hospital and its employees.[2] Allen has sued New Haven County, Yale New Haven Hospital, and two of its attending physicians: Dr. Khaled Mohamed and Dr. Aarti Gupta.[3] Allen, Yale New

---

[1] Doc. #1-1 at 1-2 (¶ 1) (statement of claims).
[2] *Ibid*.
[3] Doc. #1 at 1-2 (complaint)

1

Haven Hospital, and both doctors are citizens of Connecticut.[4]

In April 2019, after posting "troubling" content on social media, Allen was admitted to Yale New Haven Hospital's psychiatric ward on the basis of a physician's emergency certificate.[5] During this stay, Allen claims that the defendants improperly hospitalized him, failed to provide him a probable cause hearing within three days of his written request, and kept him in custody despite the failure of the probate court to issue a timely commitment order.[6] Additionally, Allen claims that he received repeated threats of violence from at least three patients, that one patient threw a punch at him, and that the hospital kept him in the same unit with his alleged assailant.[7] Allen also claims that he was forcefully medicated with inappropriate medication and harassed by hospital staff through a series of "repeated violent coughing, deliberate rudeness and inattention," and attempts to "intentionally 'accidentally' bump" into his person.[8] Allen maintains that he reported these allegations to Patient Rights, but that they went undocumented.[9]

From May 2019 through June 2019, Allen was hospitalized again.[10] Allen contends that this involuntarily hospitalization was also improper and that his probable cause hearing was again unduly delayed.[11] Additionally, Allen claims that he was kept in the emergency room for an "inordinately long amount of time" and that, despite reporting previous experiences with

---

[4] *Ibid*. While the complaint does not allege the citizenship of Yale New Haven Hospital, it describes its address as "1450 Chapel St" in "New Haven, CT." Doc. #1-1 at 1. The Court takes judicial notice that Yale New Haven Hospital, Inc., is a specially chartered domestic corporation formed in Connecticut. *See* CONNECTICUT DEPT. OF ECON. AND COMMUNITY DEVELOPMENT, Business Records Search for "Yale New Haven," available at https://service.ct.gov/business/s/onlinebusinesssearch (last accessed on June 8, 2022).
[5] Doc. #1-1 at 2.
[6] *Id*. at 3.
[7] *Ibid*.
[8] *Ibid*. (spelling corrected).
[9] *Ibid*.
[10] *Ibid*.
[11] *Ibid*.

"staff abuse," his requests to be sent to a different facility were ignored.[12] Allen further alleges that his medication hearing was delayed and then held without notice to him, that his objections to being put on Risperidone were ignored, that hospital staff repeatedly woke him in the middle of the night as a scare tactic, and that the doctors met with him rarely and only briefly.[13]

In October 2019, Allen was hospitalized a third time, this time for nine days.[14] Allen raises two claims involving this stay. First, Allen claims that the three-day hearing timeline was again exceeded, although he acknowledges that he waived his request for the hearing in exchange for an early release.[15] Second, Allen alleges that, on the night before his release, a staff member "aggressively chased" Allen around the room after Allen "teas[ed]" the staff member.[16]

Allen filed a civil rights complaint pursuant to 42 U.S.C. § 1983 claiming that the defendants, who are "entrusted w[ith] care of mentally ill patients by [the] state," violated his constitutional rights through "unlawful seizure of [his] person" and "cruel [and] unusual punishment."[17] Allen seeks monetary relief for "immense distress, emotional trauma, emotional pain and suffering" as well as for "perceiving himself to be in physical danger" and "losing his freedom."[18]

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations

---

[12] *Id*. at 4.
[13] *Ibid*.
[14] *Ibid*.
[15] *Id*. at 5.
[16] *Id*. at 6.
[17] Doc. #1 at 2-3.
[18] Doc. #1-1 at 6 (spelling corrected).

suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Allen may file a response if he wishes to.

Allen's complaint alleges liability for violation of his federal constitutional rights under 42 U.S.C. § 1983. This civil rights statute generally allows a plaintiff to seek relief against a person who acts under color of state law to violate a plaintiff's federal constitutional rights. A prerequisite for any claim under § 1983 is that the defendant acted in a governmental capacity—that is, that the defendant was a "state actor" for purposes of the challenged conduct. Put differently, a plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private party's actions amounted to action that was undertaken in a state or governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206–09 (2d Cir. 2012).

Just what does it mean for a private party to be a state actor? The Second Circuit has articulated three different tests to answer this question. "A private entity acts under color of state law for purposes of § 1983 when (1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-*

*Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (brackets in original).[19] Thus, "[t]he fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Ibid.*

Allen claims that "[a]t the time the claim(s) alleged in th[e] complaint arose," the defendants were "acting under color of state law."[20] But he alleges no facts to support this. Yale New Haven Hospital is a private hospital, and the complaint does not include any allegations that would transform it into a state actor under any of the tests described above. *See Febres v. Yale New Haven Hosp.*, 2019 WL 7050076, at *3 (D. Conn. 2019). The Second Circuit has held that a private hospital's involuntary commitment of a patient does *not* constitute state action, even if the hospital receives state funding and is subject to extensive state regulation. *See McGugan*, 752 F.3d at 229–31.

Similarly, "private physicians are generally not state actors, especially where the physician is not performing a function traditionally reserved for the State and where the physician was not under contract with the State to provide medical services." *Febres*, 2019 WL 7050076, at *2. Allen has not alleged that Dr. Mohamed or Dr. Gupta were employed by or under contract with the State of Connecticut. Nor has he alleged the involvement of police or other state actors. And even if police did accompany or assist hospital staff during Allen's hospitalizations, that would not transform the defendant doctors into state actors for purposes of § 1983. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). Because the alleged conduct of Yale New Haven Hospital and the two private doctors is not fairly attributable to the state, Allen's § 1983 claim cannot proceed against these defendants.

---

[19] For purposes of readability, my quotations from court decisions in this ruling omit internal citations, quotation marks, and bracketing unless otherwise noted.
[20] Doc. #1 at 2 (checking "Yes" in answer to question whether each "defendant [was] acting under color of state law").

Moreover, even assuming that Dr. Mohamed or Dr. Gupta could be sued under § 1983 as a state actor, Allen does not allege facts to show that either doctor was personally involved with or responsible for any of the deprivations he alleges other than the "negligence" of "basically never meeting with him" and "only doing so a couple times each very, very briefly at the plaintiff's insistence."[21] But doctors acting on behalf of the state cannot be sued for money damages arising from mere negligence as opposed to misconduct that amounts to at least gross negligence. *See Bolmer v. Oliveira*, 594 F.3d 134, 144 (2d Cir. 2010). With respect to the other conduct at Yale New Haven Hospital that Allen complains of, the doctors' general supervisory status is not enough to establish their liability absent allegations of personal involvement in the denial of particular rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Nor can Allen sue New Haven County. As I have previously explained in another lawsuit filed by Allen, county governments in Connecticut are not amenable to being sued because they are not independent legal entities. *See Allen v. Sidaros*, 2022 WL 475183, at *8–9 (D. Conn. 2022). Further, because "Allen does not allege any wrongful conduct by any county or county official that might serve as the basis for a claim against them," his claim against the county cannot proceed. *Id*. at *9.

As for any state law claims, the complaint here does not allege facts to show that this Court would have diversity jurisdiction under 28 U.S.C. § 1332. The facts alleged suggest that Allen, Yale New Haven Hospital, and both doctors are all citizens of the same State—Connecticut—and not of different States. Further, Allen does not allege facts showing that the defendants caused him over $75,000 in damages. Indeed, the complaint does not refer to any monetary amount, and Allen does not state the sum he seeks in damages. Moreover, if there are

---

[21] Doc. #1-1 at 5.

no plausible federal law claims, then the Court would likely decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims.

## CONCLUSION

Because the complaint does not appear to allege facts that establish plausible grounds for relief in federal court, it appears that the complaint may be subject to dismissal. But if Allen has grounds to file an amended complaint that overcomes these concerns, then he may file a response to this order to show cause by **June 24, 2022**.

It is so ordered.

Dated at New Haven this 8th day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge